**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CODY LANE CAGLE**                                                                          **PETITIONER**
*ADC #175719*

**V.**                          **CASE NO. 4:20-cv-01335-LPR-JTK**

**DEXTER PAYNE[1]**
*Director, ADC*                                                                              **RESPONDENT**

<u>**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge Lee Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such

---

[1] Since Petitioner is in ADC custody, the Clerk is directed to substitute "DEXTER PAYNE, *Director ADC*" as the Respondent.

a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of

any documentary or other non-testimonial evidence desired to be introduced at the

hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## I.     Introduction

Before the Court is Petitioner Cody Lane Cagle's petition for Writ of Habeas Corpus.[2] *Doc.*
1. Since some of Cagle's ineffective assistance of counsel claims are currently pending appeal in
state court and some have not been raised yet, his federal habeas petition is premature, and this
Court recommends that it be dismissed without prejudice.

## II.     Background

On February 5, 2019, Cagle was arrested for two aggravated robberies—one at a gas station
in El Paso, AR and another at a gas station and service center in Vilonia, AR. *See State v. Cagle*,
73CR-19-180, Criminal Information, (White County Cir. Ct. Mar. 19, 2019) ("*Cagle I*"); *State v.*

---

[2] Cagle filled out a form for a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, but he challenges the
validity of a state judgment of conviction. This action is properly brought as a Petition for Writ of Habeas Corpus
under 28 U.S.C. § 2254.

*Cagle*, 23CR-19-198, Criminal Information, (Faulkner County Cir. Ct. Feb. 12, 2019) ("*Cagle II*")[3]. He was charged in two cases since the robberies occurred in different counties. *See id.* On October 4, 2019, Cagle pled guilty to one count of Aggravated Robbery, A.C.A. 5-12-103, in the White County case and received a sentence of 156 months in ADC custody. *See Cagle I*, Sentencing Order, Oct. 4, 2019. On March 16, 2020, Cagle pled guilty to the count of Aggravated Robbery in the Faulkner County case and received a sentence of 228 months to be served concurrent with his White County sentence. *See Cagle II*, Sentencing Order, Mar. 16, 2020. He is presently incarcerated at the Eastern Arkansas Regional Unit. *See Doc.* 1 at 1.

On April 7, 2020, Cagle filed a notice of appeal attempting to withdraw his guilty plea in *Cagle II* alleging ineffective assistance of counsel. *See Cagle II*, Notice of Appeal, Apr. 7, 2020. Cagle claims his attorney was ineffective because he wrongly advised him that he would get the same sentence in his Faulkner County case as his White County case and failed to file motions and pursue investigations that Cagle requested. S*ee id.* at 2-4. That appeal is currently pending before the Arkansas Court of Appeals. *See State v. Cagle*, CR-20-398 (Ark. Ct. App. Jun. 17, 2020) ("*Cagle III*"). His attorney filed a no merit (or *Anders*) brief and a motion to withdraw, and the Arkansas Court of Appeals gave Cagle until December 16, 2020 to submit any pro se points for reversal. *See Cagle III*, Letter to Appellant 30 Days to Respond, Nov. 16, 2020. Cagle has not filed any other motions for postconviction relief in either of his underlying state cases.

In his present petition, Cagle raises two of the same claims of ineffective assistance of counsel as his direct appeal: 1) his lawyer wrongly advised him that he would get the same sentence in his Faulkner County case as his White County case, and 2) his lawyer failed to file certain

---

[3] The Court takes judicial notice of the docket entries and pleadings filed in Cagle's underlying State cases. Since the State's electronic filing system does not number each docket entry, The Court will cite to the title of each filing and the date it was filed.

motions or present certain documents to the court as requested. *See Doc.* 1 at 7-8. Cagle also raises

two related claims of ineffective assistance of counsel here that he did not directly reference in his

notice of appeal before the Arkansas Court of Appeals: 3) his lawyer "did nothing he said and did

not fight for [Cagle] at all" and "never visited or communicated with [Cagle] until [the] day of

court," and 4) there was a conflict of interest because Cagle's lawyer recently ran for prosecutor

and lost the race to the prosecuting attorney in Cagle's case. *Doc.* 1 at 7. Cagle may end up raising

these points in his *pro se* brief, but he has not yet filed it as of November 30, 2020.

### III.    Rule 4 Dismissal for Failure to Exhaust

Under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts ("Rules

Governing § 2254 Cases"), courts "must promptly examine" a habeas petition, and "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule

4, Rules Governing § 2254 Cases. Before seeking federal habeas review, a state prisoner must first

"exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy

the exhaustion requirement, "state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This affords state

courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal

rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In his petition, Cagle asserts he has appealed his guilty plea in *Cagle II* in order to withdraw

it and admits this appeal is "still in process." *Doc.* 1 at 2. As discussed above, Cagle is in the

process of litigating some of the claims he raises here in state court and has yet to raise others

though he still may do so in his *pro se* brief. In any case, it is plainly apparent that Cagle has not

given Arkansas state courts one full opportunity to resolve his ineffective assistance of counsel claims. *See O'Sullivan*, 526 U.S. at 845. Therefore, Cagle has not exhausted state remedies and is ineligible for federal habeas relief at this stage. *See* 28 U.S.C. § 2254(b)(1)(A). This Court will recommend that the action be dismissed *without* prejudice, however, so that Cagle can return to the Arkansas state courts and attempt to exhaust his presently unexhausted claims before coming back to federal court.

**IV.    Certificate of Appealability**

Under Rule 11 of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right, so no certificate should issue.

**V.    Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner Cody Lane Cagle's § 2254 habeas petition, *Doc.* 1, be DENIED and this case be DISMISSED WITHOUT PREJUDICE.

2.  A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO RECOMMENDED this 30th day of November, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE